IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD., <br><br> A United Kingdom Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NAS GLOBAL NETWORKS, INC., <br> A Maryland Corporation, <br><br> 10405 Elders Hollow Drive <br> Bowie MD 20721 <br><br> Defendant. <br><br> SERVE: Richard Parker <br> 10405 Elders Hollow Drive <br> Bowie MD 20721 <br> Registered Agent. | CA No. _____ |

## COMPLAINT

Plaintiff Intelsat Global Sales and Marketing, Ltd., by counsel, files this Complaint against defendant NAS Global Networks, Inc., and pleads as follows:

1. Plaintiff Intelsat Global Sales and Marketing, Ltd., formerly known as Intelsat UK, Ltd. ("Intelsat Global"), is a corporation existing under the laws of the United Kingdom.

2. Defendant NAS Global Networks, Inc. ("NAS Global") is a Maryland corporation with its principal place of business in the State of Maryland.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Jurisdiction and venue in this Court is proper, as defendant has also irrevocably consented to the jurisdiction of this court. Exhibit 1, ¶ 21.

5. On November 19, 2002, Intelsat Global and NAS Global entered into a Nonexclusive Service Distribution Agreement ("NSDA"). A copy of the NSDA is attached hereto as Exhibit 1. Under the terms of the NSDA, Intelsat Global agreed to provide NAS Global with certain telecommunications services, and NAS Global agreed to pay Intelsat Global's charges and fees for such services as described in the Service Contracts made part of the NSDA, and agreed to pay all invoices issued by Intelsat Global for such services

6. Plaintiff provided telecommunications services to defendant pursuant to the NSDA and the Service Contracts, and has performed all its obligations under the NSDA and the Service Contracts.

7. Pursuant to the Distribution Agreement and the Service Contracts, as of April 5, 2005, plaintiff has issued invoices totaling $194,549.46 to defendant, which invoices defendant has failed to pay. A summary of the unpaid invoices is attached hereto as Exhibit 2.

8. Defendant has never disputed any invoice issued by plaintiff. Under the terms of the Service Contracts, such invoices are final.

9. On September 16, 2004, pursuant to the Distribution Agreement and Service Contracts, due to defendant's failure to pay for plaintiff's services, plaintiff

terminated the Distribution Agreement and all Service Contracts between plaintiff and defendant. Under the terms of the Distribution Agreement and Service Contracts, all amounts due from defendant to plaintiff under the remaining term of the Service Contracts became immediately due and payable at that time.

10. Pursuant to the Distribution Agreement and the Service Contracts, as of January 25, 2005, defendant owes plaintiff the sum of $194,549.46, together with interest due thereafter, and the costs of collection. Despite repeated demand for payment, defendant has failed to make payments as due.

11. Despite repeated demand for payment, defendant has failed to make payments as due.

## COUNT ONE

(Breach of Contract)

12. Plaintiff incorporates the allegations of paragraphs 1 through 11 above.

13. Under the terms of the NSDA, defendant agreed to pay Intelsat Global's charges and invoices.

14. Defendant has breached the terms of the NSDA and the Service Contracts by failing to pay for the services rendered by plaintiff under those agreements and by failing to pay plaintiff's invoices.

15. Plaintiff has been damaged as a result of defendant's breaches.

16. Under the terms of the NSDA, plaintiff is entitled to its cost of collection of this debt.

## COUNT TWO

(Quantum Meruit/Unjust Enrichment)

17. Plaintiff incorporates the allegations of paragraphs 1 through 11 above.

18. Plaintiff has conferred benefits on defendant by providing telecommunications services for defendant's use.

19. Defendant was aware of the benefits conferred by plaintiff, and has accepted those benefits.

20. It would be inequitable for defendant to retain such benefits without compensation to plaintiff.

21. Plaintiff has been damaged as a result of defendant's failure to pay for the benefits conferred on defendant by plaintiff.

WHEREFORE plaintiff Intelsat Global Sales and Marketing, Ltd. prays that this Court enter judgment in its favor against defendant NAS Global Networks, in the amount of $194,549.46, together with interest, its costs herein, its attorneys' fees, and such other relief as to the Court seems proper.

INTELSAT GLOBAL SALES AND
MARKETING, LTD.
By Counsel

David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA 22314
703-379-9424
703-684-1851(fax)